Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
LONDON SELECT FUND LIMITED and LONDON  :
DIVERSIFIED FUND LIMITED,              :
                                        :
                        Plaintiffs,     :
                                        :
            -against-                   :   07 CV 11376 (TPG)
                                        :
                                        :
                                        :
THE REPUBLIC OF ARGENTINA,              :
                                        :
                        Defendant.      :
------------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS ........................................................................................................................................... 1

    The Republic's Debt To Plaintiffs ..................................................................................... 1

    The Republic's Default ...................................................................................................... 2

    The Lawsuit ....................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

    THE COURT SHOULD ENTER JUDGMENT IN FAVOR OF
    PLAINTIFFS ..................................................................................................................... 4

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................................4

*Botti v. Republic of Argentina*, No. 05 Civ. 8687, 2006 WL 2555984 (S.D.N.Y. Aug. 25, 2006) ..................................................................................................................................4, 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................4

*Cilli v. Republic of Argentina*, No. 04 Civ. 6594, 2006 U.S. Dist. LEXIS 16399 (S.D.N.Y. Apr. 4, 2006) ........................................................................................................4, 5

*Etevob v. Republic of Argentina*, 471 F. Supp. 2d 432 (S.D.N.Y. 2007) ..............................2, 4, 5

*Franceschi v. Republic of Argentina*, No. 03 Civ. 4693, 2006 WL 2528460 (S.D.N.Y. Aug. 31, 2006) ..................................................................................................................4, 5

*GMO Emerging Country Debt Fund v. Republic of Argentina*, No. 05 Civ. 10383, 2007 WL 984007 (S.D.N.Y. Mar. 30, 2007) .........................................................................4, 5

*Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ..............................................................................................3

*Lovati v. Republic of Argentina*, No. 05 Civ. 8159, 2006 WL 2463551 (S.D.N.Y. Aug. 23, 2006) ..................................................................................................................4, 5

*Mazzini v. Republic of Argentina*, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005) ........................................................................................................................4

## RULES

Fed. R. Civ. P. 56 ........................................................................................................................1, 4

Plaintiffs London Select Fund Limited ("LSFL") and London Diversified Fund Limited ("LDFL," collectively with LSFL referred to as "Plaintiffs"), by their attorneys, Hughes Hubbard & Reed LLP, respectfully submit this memorandum of law in support of their motion for summary judgment against the defendant the Republic of Argentina ("The Republic") pursuant to Fed. R. Civ. P. 56.

## PRELIMINARY STATEMENT

Plaintiffs are the beneficial owners of certain bonds issued by The Republic. However, The Republic has declared a moratorium on payment of principal and interest on those bonds in December 2001, and, as a result, has failed to make any subsequent payments of principal or interest. This Court has repeatedly held that The Republic, by these acts, has breached its obligations on these bonds, and, accordingly, entered judgment in favor of other beneficial owners of bonds issued by The Republic. The Court should likewise enter judgment against The Republic in this case.

## FACTS

### The Republic's Debt To Plaintiffs

As set forth below, each Plaintiff holds certain bonds (collectively, the "Bonds") (i) issued by The Republic pursuant to a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 Fiscal Agency Agreement"), a Prospectus issued September 25, 1996, and a Prospectus Supplement dated October 2, 1996, (ii) known as Global Bonds 2006, and (iii) identified by CUSIP 040114AN0, Common Code 007022140, and ISIN US040114AN02, in the following amounts:

| Plaintiff | Principal Amount |
|-----------|------------------|
| LSFL | $50,000,000.00 |

| LDFL | $50,000,000.00 |
|------|----------------|

(Declaration of Gary Clark, executed May 7, 2008 ("Clark Decl.") ¶¶ 2 – 3, Exhibit A.)

Pursuant to the 1994 Fiscal Agency Agreement, The Republic: (i) consented to the personal jurisdiction of this Court (Compl. Ex. A at 29); (ii) consented to venue in this District with respect to claims relating to the Bonds (*Id.*); and (iii) waived any claim of immunity, including, but not limited to, sovereign immunity *(Id.* at 30).

## The Republic's Default

On December 24, 2001, The Republic declared a moratorium on the payment of principal and interest with respect to bonds issued pursuant to the 1994 Fiscal Agency Agreement. *Etevob v. Republic of Argentina*, No. 03 Civ. 1680, 2006 WL 2528463, at *1 (S.D.N.Y. Aug. 31, 2006). Since the declaration of the moratorium, The Republic has failed to make payments of interest and principal on the Bonds. (Answer ¶ 9; Clark Decl. ¶ 4.)

The 1994 Fiscal Agency Agreement provides that The Republic has committed an "Event of Default" if The Republic has failed to pay principal or interest or has declared a moratorium:

> (a) Non-Payment: The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
>                            \*   \*   \*
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of The Republic shall be declared by The Republic[.]

(Compl. Ex. A at 17-18.) The 1994 Fiscal Agency Agreement authorizes a bondholder to declare The Republic in default and accelerate payment of all principal and accrued interest in the Event of Default. (*Id.* at 18.)

Plaintiffs have invoked this provision and declared The Republic in default. On December 18, 2007, Plaintiffs, through their attorneys, each sent to Deutsche Bank Trust Company Americas (the successor to The Republic's fiscal agent for the Bonds) a notice of acceleration of all principal and accrued interest due on the Bonds. (Clark Decl. Exs. B, C.)

**The Lawsuit**

Plaintiffs commenced this action against The Republic for breach of the 1994 Fiscal Agency Agreement, asserting, two claims: Count One for $5,000,000 principal plus interest on the Bonds owned by LSFL and Count Two for $5,000,000 principal plus interest on the Bonds owned by LDFL.

The Republic answered the Complaint and asserted eight affirmative defenses: (i) "The Complaint fails to state a cause of action upon which relief can granted;" (ii) "Plaintiffs' claims are barred by the act of state doctrine" ("Second Affirmative Defense"); (iii) "To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have;" (iv) "Plaintiffs' claims are barred by the doctrine of unclean hands;" (v) "Plaintiffs' claims are barred by the doctrine of abuse of rights" ("Fifth Affirmative Defense"); (vi) "Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489;" (vii) "Plaintiffs' interest claims, if any, arising before December 19, 2002 are barred by the applicable statute of limitations/prescription period;" and (viii) "Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the 1994 FAA;" (Answer ¶¶ 26–33.) The Republic, however, also admitted that (i) this Court has rejected the Second and Fifth Affirmative Defenses in other cases, and (ii) it interposed such defenses merely to preserve them for potential appellate review. (Answer at 5 n.1.) *See, e.g., Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420, at *5

(S.D.N.Y. Apr. 14, 2003). The Republic's remaining defenses likewise fail and judgment should be entered in favor of Plaintiffs as a matter of law.

## ARGUMENT

### THE COURT SHOULD ENTER JUDGMENT IN FAVOR OF PLAINTIFFS

Summary judgment is appropriate where, construing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This is just such a case.

Indeed, this Court has previously addressed the issues underlying this motion in cases filed by other owners of bonds issued under the 1994 Fiscal Agency Agreement. In those cases, the Court held that The Republic defaulted on the 1994 Fiscal Agency Agreement, both by declaring the December 24, 2001 moratorium and by failing to thereafter make payments, and, as a result, granted summary judgment in favor of those bondholders. *See GMO Emerging Country Debt Fund v. Republic of Argentina*, No. 05 Civ. 10383, 2007 WL 984007, at *1, *3 (S.D.N.Y. Mar. 30, 2007); *Etevob*, 471 F. Supp. 2d at 433-34, 443; *Franceschi v. Republic of Argentina*, No. 03 Civ. 4693, 2006 WL 2528460, at *1, *2 (S.D.N.Y. Aug. 31, 2006); *Botti v. Republic of Argentina*, No. 05 Civ. 8687, 2006 WL 2555984, at *1, *3 (S.D.N.Y. Aug. 25, 2006); *Lovati v. Republic of Argentina*, No. 05 Civ. 8159, 2006 WL 2463551, at *1, *2 (S.D.N.Y. Aug. 23, 2006).[1]

---

[1] The Court has further held that: (i) The Republic waived sovereign immunity and consented to jurisdiction of this Court under the 1994 Fiscal Agency Agreement and (ii) the owner of a beneficial interest in bonds issued by The Republic need not obtain authorization from the registered holder of the bonds if the beneficial owner establishes a current ownership interest in the bonds. *See, e.g., GMO*, 2007 WL 984007, at *1, *3 (*citing* Transcript, March 28, 2006, *Cilli v. Republic of Argentina*, No. 04 Civ. 6594, 2006 U.S. Dist. LEXIS 16399 (S.D.N.Y. Apr. 4, 2006)), *Etevob*, 471 F. Supp. 2d at 433, 443 (same), *Franceschi*, 2006 WL 2528460, at *1 (same); *Botti*, 2006 WL 2555984, at *3 (same); *Lovati*, 2006 WL 2463551, at *1 (same); *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120, 2005

4

The Republic cannot escape liability in this case by challenging whether Plaintiffs have standing because Plaintiffs have submitted a bank statement dated April 10, 2008 evidencing their current interests in the Bonds. *See GMO*, 2007 WL 984007, at *3, *Etevob*, 471 F. Supp. 2d at 443; *Franceschi*, 2006 WL 2528460, at *2; *Botti*, 2006 WL 2555984, at *3; *Lovati*, 2006 WL 2463551, at *2. (Clark Decl. Ex. A.)  Plaintiffs have thus established (i) that they are the beneficial owners of the Bonds, and (ii) that they have standing to bring their claims.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for summary judgment.

Dated:   New York, New York
         May 9, 2008

HUGHES HUBBARD & REED LLP

By: /s/ Russell W. Jacobs
Nicolas Swerdloff
(swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs
(jacobsr@hugheshubbard.com)
One Battery Park Plaza
New York, NY  10004-1482
(212) 837-6000

*Attorneys for Plaintiffs London Select Fund Limited and London Diversified Fund Limited*

---

WL 743090, at *1 (S.D.N.Y. Mar. 31, 2005) (The Republic waived sovereign immunity and consented to jurisdiction of this Court under 1994 Fiscal Agency Agreement.)

[2] The Republic has interposed a new, albeit limited, defense based upon the statute of limitations, asserting that "Plaintiffs' interest claims, if any, arising before December 19, 2002, are barred in part by the applicable statute of limitations/prescription period." (Answer ¶ 32.)  This defense is, however, not relevant as Plaintiffs do not assert any claims for interest arising before December 19, 2002.

60262288_1.DOC

Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004-1482
(212) 837-6000

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LONDON SELECT FUND LIMITED and LONDON      :
DIVERSIFIED FUND LIMITED,                                          :
                                                                   :
                                  Plaintiffs,                      :  07 CV 11376 (TPG)
                                                                   :
            -against-                                              :
                                                                   :  **CERTIFICATE OF**
                                                                   :  **SERVICE**
                                                                   :
THE REPUBLIC OF THE REPUBLIC,                                      :
                                                                   :
                                  Defendant.                       :
------------------------------------------------------------------ x

I, Russell W. Jacobs, do hereby certify under penalty of perjury that I am over the age of 18 and not a party to this action and that on the 9th day of May 2008, I caused to be served via first-class, postage prepaid mail a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** on the following, counsel for defendant the Republic of Argentina:

> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> Jonathan I. Blackman
> One Liberty Plaza
> New York, New York  10006

Dated: New York, New York
       May 9, 2008

_____
Russell W. Jacobs

11113407_1 (2).DOC