Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/08

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
LONDON SELECT FUND LIMITED and LONDON
DIVERSIFIED FUND LIMITED,

                    Plaintiffs,

     -against-                            07 CV 11376 (TPG)

THE REPUBLIC OF ARGENTINA,

                    Defendant.
------------------------------------------------------------------- x

## [~~PROPOSED~~] ORDER AND OPINION

Plaintiffs London Select Fund Limited and London Diversified Fund Limited (collectively, "Plaintiffs") are the beneficial owners of certain bond indebtedness issued by defendant, the Republic of Argentina (the "Republic"). The Republic defaulted on such indebtedness in December 2001 during a profound fiscal crisis. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for summary judgment.

The motion is granted.

### FACTS

The bond indebtedness at issue are governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the

60388092_1.DOC

bond indebtedness on which this court granted summary judgment to the plaintiffs in *Lightwater Corporation Ltd. v. Republic of Argentina,* No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the 1994 FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs, "each holder of Securities of such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately . . . ."

On December 24, 2001 the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater,* 2003 WL 1878420, at *2; *Applestein v. Republic of Argentina,* No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003). On December 18, 2007, Plaintiffs sent a notice of acceleration of all principal and accrued interest due on the debt securities governed by the 1994 FAA held by the Plaintiffs to the Fiscal Agent of the Republic.

The bonds that are the subject of this action are listed hereafter. Also listed are the amounts of the beneficial interests owned by the Plaintiffs.[1]

---

1. The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some

The following tables contain the necessary identifying information regarding the plaintiffs' beneficial interests in bonds.

*Table 1*

| Plaintiff Bond Holders or Beneficial Owners: | London Select Fund Limited |
|---|---|
| Face Value: | $50,000,000.00 |
| CUSIP No.: | 040114AN0 |
| ISIN No.: | US040114AN02 |
| Date of Issuance: | October 9, 1996 |
| Date of Maturity: | October 9, 2006 |
| Interest Rate/Payable: | 11% |
| Date of Acquisition: | Not Provided |
| Acceleration: | Not Provided |
| Contract Documents (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.): | 1994 FAA |
| Evidence of Ownership Proffered (Account Statements; Letters; Notarized Statements, etc.): | Letter from JP Morgan, London, England, dated as of July 23, 2008 and enclosed account statements |

*Table 2*

| Plaintiff Bond Holders or Beneficial Owners: | London Diversified Fund Limited |
|---|---|
| Face Value: | $50,000,000.00 |
| CUSIP No.: | 040114AN0 |
| ISIN No.: | US040114AN02 |

form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp. v. Republic of Argentina*, No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

| | |
|---|---|
| Date of Issuance: | October 9, 1996 |
| Date of Maturity: | October 9, 2006 |
| Interest Rate/Payable: | 11% |
| Date of Acquisition: | Not Provided |
| Acceleration: | Not Provided |
| Contract Documents (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.): | 1994 FAA |
| Evidence of Ownership Proffered (Account Statements; Letters; Notarized Statements, etc.): | Letter from JP Morgan, London, England, dated as of July 23, 2008 and enclosed account statements |

## DISCUSSION

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. This has occurred in *Lightwater, supra, Mazzini v. Republic of Argentina*, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005), and other cases. Only certain specific issues need to be discussed in connection with the present motion.

*Standing and Proof of Ownership*

In the two opinions in *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir.2005), and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir.2005), the Second Circuit has held that an owner of a beneficial interest, such as the Plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where

the court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cilli v. Republic of Argentina* (04 Civ. 6594).

Here, Plaintiffs have adequately demonstrated through the letter and account statements from JP Morgan that they owned their beneficial interests in the bonds having ISIN US040114AN02 as of July 23, 2008. There is no evidence of any change of ownership thereafter.

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the bonds issued under the 1994 FAA plus accrued interest.

The parties shall consult with one another concerning the form of the judgment and the amounts of interest that should be awarded in the judgment. If the parties are able to reach agreement, they shall jointly submit an agreed proposed judgment to the Court to be entered on a date agreed to by the parties upon consultation with Chambers. If the parties are unable to reach agreement on those subjects, Plaintiffs shall submit a proposed judgment to the Court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The Court will then resolve any remaining disagreements. Proposed judgments submitted to the Court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or

otherwise transferring its beneficial interest in the bond(s) involved in this action without advising the Court in advance and obtaining permission of the Court."

SO ORDERED.

Dated: New York, New York
September 10, 2008

*Thomas P. Griesa*
UNITED STATES DISTRICT JUDGE